**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SA CV 12-1285-DOC(ANx)                                        Date: April 10, 2013

Title: PAUL VIRIYAPANTHU, ET AL v. BANK OF AMERICA, N.A., ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

|   Julie Barrera   |   Not Present   |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                          NONE PRESENT

PROCEEDING (IN CHAMBERS) PLAINTIFFS' EX PARTE APPLICATION TO MODIFY ORDER

Before the Court is Plaintiffs' Ex Parte Application (Dkt. 96) for an order modifying this Court's March 26, 2013, Minute Order (Dkt. 93). The Court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering both parties' briefs on the matter, the Court DENIES Plaintiffs' Ex Parte Application but MODIFIES its previous order.

**I. Background**

The facts of this case are well known to the parties and have been summarized by this Court in previous orders. *See, e.g.*, March 26, 2013, Minute Order. In relevant part: Plaintiffs allege that defendant Marisela Dangcil, Paul Viriyapanthu's former office manager, stole checks made payable to plaintiff Immigration West Law, Viriyapanthu's law firm, and deposited them into her own Bank of America accounts, and that Bank of America allowed the checks to be deposited without proper verification. *See* Compl. (Dkt. 1 Ex. A).

On January 28, 2013, Defendant Bank of America issued subpoenas to (1) Wells Fargo Bank; (2) JP Morgan Chase Bank, N.A.; and (3) Citibank, N.A., requesting:

> Any and all documents that pertain and/or relate to the following for the time period from January 1, 2007 through July 31, 2010:

      1. Paul Y. Viriyapanthu, and/or
      2. The Law Offices of Paul Y. Viriyapanthu; and/or
      3. The Law Offices of Paul Y. Viriyapanthu dba Immigration Westlaw P.C.; and/or
      4. Immigration Westlaw
      5. Immigration West Law
      6. Immigration West Law Center
      7. Emmigration West Law.

      The term "All Documents" shall include but not be limited to any and all:
      1. Statements
      2. Deposits
      3. Deposit Tickets
      4. Teller Transactions
      5. Withdrawals
      6. Checks drawn on the account(s)
      7. Signature Cards and/or other documents that reflect ownership of the account(s)"

On February 27, 2013, Plaintiffs moved to quash the subpoenas on the grounds that the document requests were not reasonably calculated to lead to the discovery of admissible evidence, *see* Fed. R. Civ. P. 26, and instead amount to an overbroad "fishing expedition." Pl's Supp. Mem. (Dkt. 88) at 3. After a hearing on the matter on March 25, 2013, the Court declined to quash the subpoena, finding persuasive Bank of America's argument that "these records are relevant to a number of possible defenses regarding whether or not the funds were ever 'stolen,' including theories that Plaintiff either knew about Dangcil's Bank of America accounts or should have noticed that the allegedly 'stolen' checks were either missing or that deposits were decreasing." March 26, 2013, Minute Order at 3.

However, the Court did place certain limits on the requested discovery. First, it limited the temporal scope of the subpoenas to July 2008 through April 2010, the only time period relevant to this lawsuit. Second, it ordered that "the names and identifying information of Immigration West Law's clients must be redacted." *Id.* at 4. Redaction was ordered because Plaintiff Viriyapanthu argued persuasively that, with a client population that consisted mainly of undocumented immigrants, "the needless publication of the personal information of such a vulnerable population of clients could cause them unnecessary harm and anxiety." *Id.* at 3.

### II. The Present Ex Parte Application

After disagreements between the parties regarding the exact meaning of this Court's order, Plaintiffs filed an Ex Parte Application "requesting that the order be modified to redact all names contained in the bank records from clients—whether it be by checks, or by electronic funds transfer,"

and "that the name of any individual which [sic] made a payment to the law firm be redacted." Pl's Ex Parte at 4. Plaintiffs argue that the wording of the current order only requires redaction on checks made out to "Immigration West Law," despite the fact that many clients must make checks payable to "Paul Viriyapanthu" or "The Law Offices of Paul Viriyapanthu" in order to comply with IOLTA requirements. *Id.* at 3. In addition, Plaintiffs argue that the current order does not appear to require that clients' names be redacted from non-check documents like wire transfers or electronic payment records. *Id.*

In its Opposition, Bank of America first points out that Plaintiffs' request is far too broad: Plaintiffs ask that "the name of *any individual* which [sic] made a payment to the law firm be redacted," Pl's Ex Parte at 4 (emphasis added), which would include people who are not Plaintiffs' clients and possess none of the particular vulnerabilities that this Court identified as the sole reason for ordering redaction of client names. *See* March 26, 2013, Minute Order at 3. In addition, Bank of America suggests that a reasonable alternative to redaction would be for this court to allow production of unredacted documents that are treated as "confidential" and subject to a protective order. Opp'n at 6-8. The production of unredacted documents subject to a protective order would keep the names of Plaintiffs' clients confidential, would eliminates disputes—like the present Ex Parte Application—regarding the redaction process, and would insure that the third-party banks subject to subpoena do not over- or under-redact the produced documents. *See id.*

### III. Discussion

The Court finds that Plaintiffs application appears to be both overreaching and without merit. First, Plaintiffs' request for an order broadening the redaction of names to include "any individual which [sic] made a payment to the law firm" makes very little sense. For the reasons stated in the Court's previous Minute Order, redaction would only ever be necessary for Immigration West Law's *clients*, not for all individuals who made a payment to the firm. Clients are the only ones whom Plaintiffs argued are particularly vulnerable and could be harmed by the unnecessary exposure of their identities.

Second, to the extent that Plaintiffs are concerned that the Court ordered redaction limited to checks, leaving exposed wire transfers or electronic payment records, *see* Pl's Ex Parte at 4, Plaintiffs are incorrect. This Court's order stated that "all produced records," not just checks, "shall have the names and identifying information (addresses, phone numbers) of Immigration West Law clients redacted." March 25, 2013, Minute Order at 3-4.

Based on the breathless and contentious tone of Plaintiffs' Ex Parte Application, and the specter of ongoing disputes about the redaction process, it appears that the practical implementation of this Court's March 25, 2013, Minute Order would be exceedingly painful and unproductive for all involved. The Court was initially sympathetic to Plaintiff Viriyapanthu's claim that the production of any of his clients' names might cause them anxiety. However, the Court finds that Bank of America's proposed alternative to redaction provides Plaintiffs' clients with a comprehensive set of equally

effective protections: the confidential production of unredacted documents, subject to protective order and subject to this Court's explicit order that Bank of America may not contact any of Plaintiffs' clients in relation to this litigation without obtaining the Court's permission, takes into account those clients' particular vulnerabilities and insures that none of them is unnecessarily affected by this litigation.

### III. Disposition

Accordingly, the Court DENIES Plaintiffs' Ex Parte Application[1] and ORDERS the following:

(1) To the extent that this Court's previous Minute Order of March 26, 2013, required that all subpoenaed documents be redacted, that Order is hereby AMENDED;

(2) Unredacted records will instead be produced pursuant to Bank of America's subpoenas. Those records will be deemed "classified" and will be subject to Bank of America's Proposed Protective Order (Dkt. 97-2), which this Court hereby GRANTS;

(3) Bank of America may not contact Plaintiffs' non-party clients in relation to this lawsuit or seek their deposition without leave of the Court.

The Clerk shall serve a copy of this Minute Order on all parties.

.

---

1 In two brief sentences at the end of their Ex Parte Application, Plaintiffs request that, if they do not prevail, "Plaintiff's [sic] will file for an appeal under the Perlman exception. *Perlman v. United States*, 247 U.S. 7 (1918). Plaintiff [sic] herein requests, by ex parte application, a stay pending resolution on appeal." Pl's Ex Parte at 4-5. That request is DENIED. Under *Perlman*, "a discovery order directed at a disinterested third-party custodian of privileged documents is immediately appealable because the third party, presumably lacking a sufficient stake in the proceeding, would most likely produce the documents rather than submit to a contempt citation." *United States v. Krane*, 625 F.3d 568, 572 (9th Cir. 2010) (internal citations and quotations omitted). As this Court has previously discussed, "checks and bank records of exactly the type at issue are not protected by attorney-client privilege." March 26, 2013, Minute Order at 3 (citing *Harris v. United States*, 413 F.2d 316, 319 (9th Cir. 1969) ("the client, by writing the check which the attorney will later cash or deposit at the bank, has set the check afloat on a sea of strangers. . . . [T]he check will be viewed by various employees at the bank where it is cashed or deposited, at the clearing house through which it must pass, and at his own bank to which it will eventually return. Thus, the check is not a confidential communication, as is the consultation between attorney and client"); *Reiserer v. United States*, 479 F.3d 1160 (9th Cir. 2007)).