UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6    O

CIVIL MINUTES - GENERAL

Case No. SA CV 12-1285-DOC(ANx)                                          Date: June 21, 2013

Title: PAUL VIRIYAPANTHU, ET AL v. BANK OF AMERICA, N.A., ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                            NONE PRESENT

PROCEEDING (IN CHAMBERS):   ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS

     Before the Court is Plaintiffs' Motion to Dismiss (Dkt. 105). The Court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering both parties' briefs on the matter, the Court GRANTS Plaintiffs' motion and DISMISSES the case without prejudice.

     **I. Background**

     The facts of this case are well known to the parties and have been summarized by this Court in previous orders. *See, e.g.*, March 26, 2013, Minute Order. Plaintiffs allege that defendant Marisela Dangcil, Paul Viriyapanthu's former office manager, stole checks made payable to plaintiff Immigration West Law, Viriyapanthu's law firm, and deposited them into her own Bank of America accounts, and that Bank of America allowed the checks to be deposited without proper verification. *See* Compl. (Dkt. 1 Ex. A).

     In relevant part: Plaintiffs Paul Viriyapanthu, Immigration West Law P.C., Benjaporn Ellingson, Dylvia Spada, Sarosha Agatat, Rochelle Abandor, Alberto Jimenez, Ruth Siriyanon, and Debra B. (Plaintiffs) first filed suit in Orange County Superior Court on July 2, 2010. *See Paul Viriyapanthu, et al., v. Victor Chavez, et al.*, Case No. 30-2010-00387021 (The 2010 Case); Mot. to Consolidate (Dkt. 9) at 5. Based on allegations that defendant Marisela Dangcil, Viriyapanthu's former

office manager, stole checks made payable to Immigration West Law and deposited them into her own Bank of America accounts, Plaintiffs brought multiple state law claims against Dangcil, as well as the other individual named defendants as either co-conspirators in Dangcil's plan or beneficiaries, and against Bank of America for allowing the checks to be deposited. *Id.*; Def's Opp'n to Consolidation at 1-2. Since 2010, the 2010 Case has proceeded in the state court.

The 2010 Case is *not* before this Court. Rather, defendant Bank of America ("BofA") has removed a second case (the Present Action), featuring the same parties and concerning the same set of operative facts, which Plaintiffs filed in Orange County Superior Court on April 2, 2012, alleging six additional claims, two of which are based on the federal Racketeering Influenced Corrupt Organization Act, 18 U.S.C. § 1962(C) *et seq.*, and 18 U.S.C. § 1962(D)(4). *See* Notice of Removal (Dkt. 1), Ex. A; Def's Opp'n to Consolidation at 2. Plaintiffs allege that the second case was filed separately in order to avoid statute of limitations issues with some of the new claims, and because the amendment of the original action was impossible because that case was stayed due to the death of an attorney for certain defendants. Mot. at 7. Plaintiffs also allege that they were in the process of attempting to consolidate the two cases in state court when BofA removed this action. *Id.* After removal, Plaintiffs moved for remand (Dkt. 12), but, because the case was properly removed by Defendant Bank of America, remand is inappropriate.

Plaintiffs now move for, among other things, a dismissal of all claims, against all Defendants, without prejudice,[1] pursuant to Federal Rule of Civil Procedure 41(a)(2). Pl's Mot. at 16-17. BofA opposes. *See* Opp'n (Dkt. 107).

### II. Legal Standard

Rule 41(a)(2) allows a plaintiff, with the approval of the court, to dismiss an action without prejudice at any time. The rule states:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.

Fed. R. Civ.P. 41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) "is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citing *Sams v. Beech Aircraft Corp.,* 625 F.2d 273, 277 (9th Cir.1980)). Dismissal without prejudice is proper "so long as the defendant will not be prejudiced . . . or unfairly affected by dismissal." *Id.* (internal citations omitted)

### III. Discussion

---

[1] In the alternative, Plaintiffs move for a dismissal of only Plaintiffs' federal claims, and a remand of the remaining state law claims, or an opportunity to amend its Complaint to allege additional causes of action. *See* Pl's Mot. at 13-18. Because the Court finds dismissal of the entire case appropriate, it does not address Plaintiffs' alternative requests.

While the decision to grant a motion for voluntary dismissal is left to the Court's discretion, when ruling on such a motion, a district court must consider "whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982) (citing *Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979); *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967)).

BofA first argues that Plaintiffs' motion is untimely. Undue delay on a plaintiff's part may be one factor that weighs in favor of the denial of a motion to dismiss. *See Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996). In *Westlands*, however, the case cited by BofA in its Opposition, the circuit court *reversed* a district court's denial of a motion for voluntary dismissal in part because it found that undue delay had not occurred. *See id.* Indeed, even though the district court in that case had noted that the parties had already been though "a preliminary injunction hearing at which extensive evidence and legal briefing was submitted," and the case was "ripe for judicial determination," *Westlands Water Dist. v. Patterson* ("*Westlands III*"), 900 F. Supp. 1304, 1312 (E.D. Cal. 1995), the circuit court found that plaintiffs "were not dilatory," in part because the motion was filed "before the defendants filed their motions for summary judgment." *Westlands*, 100 F.3d at 97. While the plaintiffs "could have sought dismissal sooner than they did," their motion was not untimely. *Id.*

Here, the Court finds that Plaintiffs were not dilatory in pursuing this motion. Within weeks of the removal of this action to federal court, Plaintiffs sought remand to state court in order to consolidate all claims in one action. *See* Pl's Mot. to Consolidate (Dkt. 9); Pl's Mot. to Remand (Dkt. 12). That motion was ultimately unsuccessful, and Plaintiffs subsequently filed the present motion for dismissal before any dispositive motion had been filed on either side, and before any motion to dismiss had been filed by any defendant. Indeed, to date no motion has been filed by any defendant on any substantive issue. Whereas the parties in *Westlands* had already completed a preliminary injunction hearing "at which extensive evidence and legal briefing was submitted" and the case was "ripe for judicial determination, *Westlands III*, 900 F. Supp at 1312, here no such proceeding has yet taken place the case is not anywhere near as procedurally advanced.

Second, BofA argues that it would suffer legal prejudice because it would "lose [f]ederal jurisdiction as a result of Plaintiffs' blatant forum shopping." Opp'n at 5. While it is true that "in determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum," *Westlands*, 100 F.3d at 97, the analysis is not as straightforward as BofA argues. First, it is firmly established that legal prejudice "does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982) (citing *Durham*, 385 F.2d at 368)). Similarly, "the threat of future litigation which causes uncertainty is *insufficient* to establish plain legal prejudice." *Westlands*, 100 F.3d at 96 (emphasis added). In support of this rule, the court in *Westlands* cited *American National Bank & Trust Company of Sapulpa v. Bic Corporation*, which, in examining this issue, held that the "possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice," and that "there is no legal prejudice to defendant even if a trial is held in state court." 931

F.2d 1411, 1412 (10th Cir. 1991) (citing *Grivas v. Parmelee Transp. Co.,* 207 F.2d 334, 338 (7th Cir.1953), *cert. denied,* 347 U.S. 913 (1954) ("Dismissal and the subsequent litigation in the state court will of necessity preclude the defendant from a trial here, but without a showing that it has acquired some right or that it seeks or has become entitled to affirmative relief, the denial of which would work actual prejudice to it, no valid objection will lie.")).

      Here, the Court finds that BofA has not shown that it would suffer legal prejudice if this case were to be dismissed without prejudice. While BofA may face an ongoing state court lawsuit that could be slightly altered by the addition of new claims, such a prospect is even less prejudicial than the "second lawsuit" contemplated by *Hamilton* and determined to be insufficient to establish legal prejudice. *See Hamilton*, 679 F.2d at 143; *see also Westlands*, 100 F.3d at 96 (finding "the threat of future litigation which causes uncertainty" similarly insufficient to establish plain legal prejudice); *Grivas v. Parmelee Transp. Co.,* 207 F.2d at 338, *cert. denied,* 347 U.S. 913 (1954) (finding that "without a showing that it has acquired some right or that it seeks or has become entitled to affirmative relief, the denial of which would work actual prejudice to it, no valid objection will lie" regarding subsequent litigation in state court). BofA has not acquired any right or become entitled to any affirmative relief in this case; indeed, it has not even brought any motions for substantive relief before this Court.

      The two cases that BofA cites in support of its argument are inapposite. In *Central Montana Rail v. BNSF Railway Company*, a district court's denial of a motion for voluntary dismissal was upheld when "[t]he district court noted that, if it had dismissed the action without prejudice, BNSF could face litigation in state court of a claim that had reached the summary judgment stage in federal court, after almost four years of litigation." 422 Fed.Appx. 636, 638 (9th Cir. 2011). This case is in a completely different procedural posture, with no substantive motions brought or decided and a parallel state case already ongoing that preceded the one before this Court.

      In *Kern Oil & Refining Company v. Tenneco Oil Company*, BofA's other citation, the Ninth Circuit affirmed a district court's denial of a motion for voluntary dismissal based, in part, on "impermissible forum shopping." 792 F.2d 1380, 1389 (9th Cir. 1986). However, in that case, the court suggested that one *permissible* motivation for seeking a voluntary dismissal would be to consolidate related cases before a single court, while the impermissible aspect of the plaintiff's "forum shopping" involved attempting to bar the litigation of issues raised by a counterclaim. *Id.* ("Tennoco asserts that its sole motivation in seeking a voluntary dismissal was to consolidate all of the 'supply' cases. The flaw in Tenneco's argument is that Count IV was a compulsory counterclaim in the 'price' case before Judges Marshall and Real. . . . If Judge Marshall had dismissed Count IV without prejudice, the final judgment entered by Judge Real would have barred the litigation of the issues raised in Count IV."). Here, to the extent that Plaintiffs are involved in any forum shopping, they truly are attempting to consolidate all claims before a single judge. Moreover, considering the relative resources available to Plaintiffs as compared to Defendant Bank of America, it is not unreasonable to conclude that a single action would be in the interests of justice.

### IV. Disposition

For the foregoing reasons, the Court hereby GRANTS IN PART Plaintiffs' motion and DISMISSES the entire matter without prejudice.

The Clerk shall serve a copy of this Minute Order on all parties.

.